# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Kostenko, D.O.,**
**Petitioner Below, Petitioner**

**FILED**

December 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1493** (Raleigh County 10-AA-14)

**West Virginia Offices of the Insurance Commissioner,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Kostenko, D.O., appearing *pro se*, appeals the order of the Circuit Court of Raleigh County, entered November 26, 2012, that upheld the final order of the Insurance Commissioner that permanently terminated petitioner's right to receive workers' compensation payments for services rendered to injured employees. Respondent West Virginia Offices of the Insurance Commissioner ("WVOIC"), by counsel Charles R. Bailey, Kelly C. Morgan, and William H. Rardin, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a doctor of osteopathy licensed in West Virginia, who practiced medicine in Beckley under the name of Coal Country Clinic. On February 18, 2005, the then-existent West Virginia Workers' Compensation Commission ("WCC") issued a notice of termination permanently terminating petitioner's right to receive workers' compensation payments for services rendered to injured employees because he allegedly provided care that was excessive, medically unreasonable, and unethical. *See* W.Va. Code § 23-4-3c(1). Following a show cause hearing before a hearing examiner, the notice terminating petitioner's right to receive payments for services was confirmed by a final order by the Commission dated August 1, 2005. Petitioner appealed the final order to the Circuit Court of Raleigh County. The circuit court reversed the final order finding that petitioner had been subjected to an unfair administrative proceeding. The circuit court remanded the case for further proceedings consistent with its order.

1

Following remand, the WVOIC[1] issued a new notice of termination to petitioner on February 15, 2008. That notice charged petitioner with three violations:

(1)      Administering tendon sheath injections in excess of the treatment guidelines where the documentation did not support the medical necessity for tendon sheath injection or billing for tendon sheath injections which were not administered, or both;

(2)      Allowing massage therapists and other employees to compound and administer I.V.'s and tendon sheath and trigger point injections in violation of the massage therapists' licensing and the laws of the State of West Virginia, and improperly billing workers' compensation for those procedures; and

(3)      Engaging in "upcoding" in that petitioner billed for services that implied a higher level of complexity than was documented in the medical records and failing to report and correct fraudulent billing by petitioner's office when it came to his attention, condoning the practice, or directly causing his office to fraudulently bill for services not rendered.

A second show cause hearing was scheduled for March 25, 2010. However, two days prior to the hearing, petitioner's counsel informed the hearing examiner and the WVOIC's counsel by letter that he and petitioner would not appear for the show cause hearing because they had filed a petition in the Circuit Court of Kanawha County that sought to dismiss the February 15, 2008, notice of termination. Petitioner's counsel further advised that it was not appropriate to subject petitioner to a hearing on the notice of termination that was issued merely for the purposes of harassing him. However, in his letter, petitioner's counsel did not ask for a continuance or the postponement of the show cause hearing. In the petition filed in the Circuit Court of Kanawha County, petitioner's counsel likewise did not seek a stay of the show cause hearing,[2] nor did petitioner's counsel file an extraordinary petition in either prohibition or mandamus to enjoin the hearing. In response to petitioner's counsel's letter, the WVOIC's counsel informed petitioner's counsel that the show cause hearing would proceed as scheduled.

At the beginning of the March 25, 2010 show cause hearing, the hearing examiner addressed petitioner's and his counsel's non-appearance by first asking the WVOIC's counsel

---

[1] The WVOIC is the statutory successor of the now-defunct WCC. *See* W.Va. Code § 23-1-1(e).

[2] The Kanawha County proceeding has now been stayed pending the outcome of the instant case.

whether he had informed petitioner's counsel that the hearing would proceed. The WVOIC's counsel indicated that he had so informed petitioner's counsel. Next, the hearing examiner confirmed that he was aware of "an action pending in the Circuit Court of Kanawha County" that raised overlapping issues. The hearing examiner then ruled: "But, we're going to go ahead and proceed with the hearing." Following the presentation of the WVOIC's witnesses and evidence at the show cause hearing, the hearing examiner issued a recommended decision on May 12, 2010, that petitioner's right to receive payments for services rendered should remain terminated permanently. On June 1, 2010, the Insurance Commissioner issued a final order adopting the hearing examiner's recommended decision.

Petitioner appealed this June 1, 2010 order to the Circuit Court of Raleigh County which held a final hearing on his appeal on August 21, 2012. After hearing the arguments of counsel, the circuit entered an order on November 26, 2012, that upheld the Insurance Commissioner's final order. The circuit court first determined that West Virginia Code § 23-4-3c(b) required petitioner to appear at the March 25, 2010 show cause hearing.[3] Second, the circuit court ruled that legal authority strongly suggested that petitioner waived his right to complain about the administrative proceedings or any procedural issues when he failed to appear for the show cause hearing, but that the court would address the issues raised by petitioner "out of an abundance of precaution." The issues that the circuit court refuted were as follows: (1) that the show cause hearing was not scheduled at a "mutually agreeable time"; (2) that the WVOIC had a duty to present evidence favorable to petitioner at the show cause hearing; (3) that the hearing examiner at the show cause hearing should have considered petitioner's submissions from the original show cause hearing; (4) that petitioner should have been afforded the right to submit proposed findings of fact and conclusions of law following the show cause hearing; (5) that the hearing examiner should have noted the reason for petitioner's non-appearance at the show cause hearing in his recommended decision; and (6) that instead of pursuing a termination of petitioner's right to receive payments pursuant to West Virginia Code § 23-4-3c, the WVOIC should have attempted to collect any overpayments made to petitioner under the procedures set forth in W.Va. Code R. § 85-28-3 (2005).

The circuit court also reviewed the February 15, 2008, notice of termination and the resultant proceedings to ensure that they complied with its remand order. The circuit court first determined that the February 15, 2008, notice of termination satisfied due process because it contained more specific charges and details than did the February 18, 2005 notice of termination. Second, the circuit court found that while petitioner was not provided with an opportunity to fully present his case pursuant to the February 18, 2005 notice, this issue was rendered moot by petitioner's non-appearance at the March 25, 2010 show cause hearing. The circuit court noted at the March 25, 2010 hearing, the WVOIC presented the testimony of a former WCC employee as well as the testimony of Dr. James Baker who "testified extensively from specific case records, and was highly critical of the petitioner's billing practices for established office visits." The circuit court further noted that because petitioner and his counsel failed to appear for the March 25, 2010

---

[3] West Virginia Code § 23-4-3c(b) provides, in pertinent part, that "[t]he health care provider *shall appear* to show cause why the health care provider's right to receive payment under this chapter should not be suspended or terminated." (Emphasis added.)

hearing, the WVOIC's evidence was undisputed. Accordingly, the circuit court concluded that the hearing examiner's findings, as adopted by the Insurance Commissioner's June 1, 2010 final order, were not clearly wrong, nor arbitrary or capricious, and not characterized by an abuse of discretion.

Petitioner, appearing *pro se*, now appeals the circuit court's November 26, 2012 order that upheld the Insurance Commissioner's final order. "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in [West Virginia] Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."[4] Syl. Pt. 1, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996).

On appeal, petitioner raises the first five issues the circuit court discussed in its order entered November 26, 2012, although petitioner attempts to recast these alleged errors as either misconduct by the WVOIC's counsel or ineffective assistance by his own counsel. This Court will address those added dimensions to petitioner's arguments. First, petitioner asserts that the WVOIC's counsel misled the hearing examiner concerning the nature of petitioner's Kanawha County petition. This Court notes that the hearing examiner indicated on the record that he was aware of the petition and that it raised overlapping issues, but ruled that he was moving forward with the show cause hearing. The one question the hearing examiner asked of the WVOIC's counsel was whether counsel had communicated to petitioner's counsel that the March 25, 2010 show cause hearing would proceed as scheduled. The WVOIC's counsel indicated that he had so informed petitioner's counsel, which fact is established by the record. Thus, this Court finds that the WVOIC's counsel did not misled the hearing examiner.

Second, petitioner alleges that the WVOIC's counsel acted inappropriately by not searching through the records from the first show cause hearing and provide thereafter to the hearing examiner any and all evidence favorable to petitioner. Petitioner analogizes the duty owed by the WVOIC's counsel to the duty owed by a prosecutor to a criminal defense attorney to disclose exculpatory evidence. This Court finds that because this was an administrative proceeding—and not a criminal proceeding—petitioner's argument is devoid of merit.

Lastly, petitioner alleges that if the WVOIC's counsel did not commit misconduct, his own counsel must have provided ineffective assistance by not appearing for the March 25, 2010 show cause hearing. The WVOIC counters that petitioner has not made such an allegation against his former attorney until now and that in over three years since the hearing, it is believed that petitioner has never sued his counsel for malpractice. The record reflects that petitioner's counsel made the strategic decision for his client and himself not to appear for the March 25, 2010 hearing once they had filed their Kanawha County petition. This Court finds that both at the time of the March 25, 2010, hearing and at the time of the August 21, 2012 final hearing before the circuit court, no evidence existed that petitioner disagreed with his counsel's strategic decision. This

---

[4] As noted by the circuit court, petitioner appealed the Insurance Commissioner's June 1, 2010 final order pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to -7-4.

4

Court accordingly determines that this issue provides no basis for overturning the Insurance Commissioner's final order.

All other arguments made by petitioner are adequately resolved by the circuit court's order. Having reviewed the circuit court's "Order," entered November 26, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Raleigh County and affirm its November 26, 2012 order that upheld the June 1, 2010 final order of the Insurance Commissioner that permanently terminated petitioner's right to receive workers' compensation payments for services rendered to injured employees.

Affirmed.

**ISSUED:**   December 4, 2013

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II